IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

WALTER GLENN CARTER                                    PLAINTIFF
*ADC #105961*

v.                         No: 2:25-cv-00155-DPM-PSH

LINDA SOUTHERN, *et al.*                              DEFENDANTS

**ORDER**

## I.  Introduction

This lawsuit was filed by inmate Walter Glenn Carter with the assistance of

inmate James E. Wennerstein a/k/a James E. Whitney (ADC #163817). Carter

alleges his religious rights have been infringed by certain regulations and/or

practices in the Arkansas Division of Correction's East Arkansas Regional Unit

(EARU) where he is incarcerated.  Other EARU inmates have sought to join the

lawsuit, and a petition for class certification remains pending.  The Defendants move

to dismiss the lawsuit for failing to state a viable claim.  The undersigned has

carefully reviewed the pleadings in this case and finds that it would be most efficient

to allow Carter one more opportunity to amend his complaint and clarify his

allegations.  The need for more information is triggered, in part, by the involvement

of Wennerstein in drafting Carter's pleadings on behalf of multiple inmates, and the

lack of specificity as to how *Carter's* rights have been allegedly violated and by

whom.  For context, the Court provides the following background information for both this case and a prior case filed by Wennerstein.

## II.  Background

On May 6, 2025, Wennerstein filed a *pro se* complaint and a motion for class action status.  *See Wennerstein v. Southern, et al.,* Case No. 2:25-cv84-BSM-JTK ("*Wennerstein")* (Doc. Nos. 2 & 6).  Wennerstein alleged "[t]hat sometime in the first quarter of 2025 a regulation was enacted . . . banning prisoners from receiving any religious materials and/or publications, whether they come direct from a publisher or are an official correspondence from a member of the clergy or a lay person acting as a representative/missionary of the congregation."  *Wennerstein,* Doc. No. 2 at 18.  Wennerstein also complained about not being allowed to gather for or properly celebrate Seder despite Muslim inmates being provided chapel for Jumu'ah prayers and Christian inmates being provided special meals for Christmas and Easter.  *Id.* at 72-75.  He further alleged that "there is clear discrimination and antisemitism by the chaplain staff and facility administration in violation of the Religious Land Use and Institutional Persons Act," among other claims.  *Id.* at 74. Wennerstein alleged that at least 12 inmates were affected by the regulations at issue. *Wennerstein,* Doc. No. 6 at 3.  His motion for class status was subsequently denied (*Wennerstein,* Doc. Nos. 7 & 29), and on motion by the defendants, his permission to proceed *in forma pauperis* was revoked (because he has three strikes under Prison

Litigation Reform Act). Wennerstein's case was dismissed on July 23, 2025 (subject to reopening if Wennerstein timely paid the required filing and administrative fees). *See Wennerstein*, Doc. Nos. 33, 37 & 43-44. The case remains closed.

On August 11, 2025, plaintiff Walter Glenn Carter filed a *pro se* complaint (Doc. No. 2) and a petition for class certification (Doc. No. 3). Carter's original complaint is the same complaint that was previously filed by Wennerstein, with a few minor alterations.[1] *See* Doc. No. 2 at 7-86; *Wennerstein,* Doc. No. 2 at 12-92. On August 19, 2025, the Court noted that Carter's complaint was 86 pages long with 153 pages of documents attached and directed him to file an amended complaint with a short and concise statement no longer than 10 pages describing his claims. Doc. No. 4 at 4. The Court further instructed Carter to specifically describe how each named defendant was personally involved in the alleged violation of his constitutional rights. *Id.* Carter was warned that an amended complaint would render his pending complaint without legal effect and that only claims properly set out in the amended complaint would be allowed to proceed. *Id.* at 5.

Carter filed an amended complaint on September 4, 2025 (Doc. No. 5-1). The Court liberally construed the complaint and ordered service of process on the named

---

[1] Carter's complaint appears to be signed by Carter and a number of grievances attached to the complaint were submitted and signed by Carter. The Court is aware that Carter has visual difficulties and may have trouble writing based on another lawsuit he has filed (with Wennerstein's assistance) concerning his need for tinted eyeglasses. *See Carter v. Bennett, et al.,* Case No. 2:24-cv-189-JM-PSH.

defendants.[2]  *See* Doc. No. 10.  Defendants Mail Room Supervisor Linda Southern, Superintendent Richard Todd Ball, Deputy Warden Michael Richardson, Deputy Warden Kenyon Randle, Deputy Warden Brandon Davis, Major Rodney Brown, Major John Haynes, Unit Chaplain Albert McKinney, Unit Chaplain Ray Peals, Director Dextor Payne, Deputy Director William Straughn, and Deputy Director Andrea Culclager (the "Defendants") then moved to dismiss Carter's claims for failure to state a claim upon which relief may be granted (Doc. Nos. 21-22).  Carter filed a response to their motion (Doc. No. 43) and exhibits (Doc. No. 44).

After Carter filed his amended complaint, motions for joinder were filed by inmates Dustin Robison (Doc. No. 7), Robert Draft (Doc. No. 8), Wennerstein (Doc. No. 9), Robert S. Mitchell (Doc. No. 11), Michael A. Cox (Doc. No. 12), Scott Nell (Doc. No. 13), Arbury Bowerman (Doc. No. 14), Jason L. Stockstill (Doc. No. 15), William L. Dover (Doc. No. 17), Johnny Parsons (Doc. No. 31), and Christopher D. Laughlin (Doc. No. 39). Those motions were denied without prejudice.  Doc. No. 49-1.  The Court reasoned that the motions were premature pending the Court's determination on the Defendants' motion to dismiss and Carter's pending petition

---

[2] Carter states that he brings his claims under the First and Fourteenth Amendments, the Religious Land Use and Institutionalized Persons Act (RLUIPA), Arkansas' Religious Freedom Restoration Act (RFRA) (Arkansas Code Ann. §§ 16-123-401 — 16-123-407), and Executive Order 13899, Combating Anti-Semitism. Executive orders govern the executive branch of the U.S. government and confer no private rights of action on behalf of citizens.

for class certification. *Id.* at 2. The Court further noted that the motions did not provide any specific allegations regarding each movant's rights, but merely alleged each movant suffered the same harm as Carter. *Id.* The movants were informed they may initiate separate lawsuits, setting forth facts and causes of action relevant to each respective movant, and that if cause existed, the cases could be consolidated at a later date and any assessed filing fees re-apportioned. *Id.*

### III. Carter's Factual Allegations

In his operative amended complaint, Carter describes a policy enacted in the first quarter of 2025 restricting religious publications and requiring prisoners to obtain religious materials from the unit chaplain. Doc. No. 5-1 at 6-7. He also states that all religious educational and course materials are denied, "thereby, establishing a state religion[.]" *Id.* at 7. Carter further alleges,

> In 2025, and for as many years as can be remembered, the ADC Administration and staff (Defendants) continue to arbitrarily and capriciously deny Jewish and other Seventh (7th) Day Sabbath Observant prisoners from holding and participating in Group Observance in the Seven (7) annual High Holy Days, i.e., Pesach, Sefirat Haomer; Shavuot; Rosh Hashana; Yom Kippur, Sukkot; and Simchat Torah, as prescribed in the Holy Scriptures. Neither are we to gather for the weekly Shabbat Observances. Refusing to allow prisoner led group observances.

*Id.* at 7-8. He goes on to describe the religious accommodations made for Christian and Muslim prisoners and concludes that it is "clear discrimination and anti-semitism." *Id.* at 8-9.

Carter states that each separately named defendant:  (1) violated his rights; (2) knew or should have known applicable rules and laws; (3) knew or should have known that something was wrong and did not take corrective action; (4) "support and/or enforced" the regulation regarding religious publications; and (5) are not equally applying the regulation to all prisoners.  *Id.* at 9-12.

## IV.  Defendants' Motion to Dismiss

Defendants move to dismiss Carter's amended complaint on several grounds. Some have nothing to do with the facts alleged but simply concern the available relief under the relevant law.  For instance, sovereign immunity precludes any award of money damages against the defendants in their official capacities, although injunctive relief may still be available.  *Will v. Michigan Department of State Police, et al.*, 491 U.S. 58, 71 (1989)*; Nix v. Norman*, 879 F.2d 429, 431-432 (8th Cir. 1989); *Ex parte Young*, 209 U.S. 123 (1908); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (discussing the *Ex parte Young* doctrine as a necessary exception to Eleventh Amendment immunity).  A second issue concerns what relief is available under RLUIPA and in what capacity defendants may be sued under RLUIPA.[3]  Provided any of Carter's claims proceed, these issues can be sorted out later.

---

[3] Defendants maintain that RLUIPA does not allow suits against defendants in their individual capacities.  Doc. No. 22 at 6 (citing *Barnett v. Short,* 129 F.4th 534, 542 (8th Cir. 2025)).  That is the controlling interpretation under Eighth Circuit precedent,

Whether this case proceeds depends on whether Carter alleges enough facts to support his claim that the regulations and practices he complains of substantially burden his ability to practice his sincerely held religious beliefs.[4]  Doc. No. 22 at 4-5.  He must do so to state a claim under the First Amendment's free exercise clause, RLUIPA, or Arkansas' RFRA.[5]  *See e.g., Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008); Ark. Code Ann. § 16-123-404(a)).  While only religious (as opposed to secular) beliefs are protected, "[a] belief is not required to 'fit squarely with the orthodoxy' of a religion to be sincere."  *Holt v. Payne,* 85 F.4th 873, 878–79 (8th Cir. 2023); (quoting *Love v. Reed*, 216 F.3d 682, 688 (8th Cir. 2000)).  The

---

particularly where state officials are concerned.  *See e.g., Van Wyhe v. Reisch,* 581 F.3d 639, 655 (8th Cir. 2009).  This precise issue is currently pending before the United States Supreme Court.  *See Landor v. Louisiana Dep't of Corr. & Pub. Safety*, 145 S. Ct. 2814, __ U.S. __ (June 23, 2025) (granting certiorari in *Landor v. Louisiana Dep't of Corr. & Pub. Safety*, 82 F.4th 337, 344 (5th Cir. 2023)).

[4] To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).  The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*

[5] It is not clear whether Carter also attempts to state a claim under the First Amendment's establishment clause.  Discrimination amongst religions is forbidden by both the establishment clause and the free exercise clause.  *See Cave v. Jester*, No. 4:18-CV-00342 KGB, 2026 WL 916187, at *70 (E.D. Ark. Mar. 31, 2026) (citing *Larson v. Valente,* 456 U.S. 228, 244-245 (1982) and *Bd. of Educ. of Kiryas Joel Village Sch. Dist. v. Grumet*, 512 U.S. 687, 707 (1994)).

Eighth Circuit has broadly construed "substantial burden" to mean any restriction that significantly inhibits or constrains religious expression; meaningfully curtails a person's ability to express adherence to his or her faith; or denies a person reasonable opportunities to engage in religious activities or expression. *See Patel*, 515 F.3d at 813.

The Court liberally construed Carter's amended complaint as alleging that he is Jewish, he is not getting all the religious publications he would like, and that the prohibition on group observances of certain religious practices burdens the practice of his faith. More details would be useful in determining whether Carter has alleged a substantial burden on his religious practice. For instance, he does not describe the publications he has been refused, why he needs those publications to practice his religion, whether he can still obtain them through chaplain, whether they were requested but denied, etc. Carter also provides no specifics regarding the group observances that are allegedly not allowed.

Defendants further argue that Carter does not provide specific facts regarding the involvement of each named defendant to state a viable individual capacity First Amendment claim. Doc. No. 22 at 5. The Court agrees. A plaintiff "must allege specific facts showing that [defendant] was personally involved in or directly responsible for the deprivation of his constitutional rights." *Barnett v. Short*, 129 F.4th 534, 544 (8th Cir. 2025) (citing *Jones v. City of St. Louis*, 104 F.4th 1043, 1049

(8th Cir. 2024) (broadly construing plaintiff's complaint as alleging that the one named defendant denied him a bible and denied multiple grievances concerning the denial of a bible and concluding plaintiff has sufficiently described the defendant's personal involvement).

In his amended complaint, Carter lists the defendants and their job titles and generally alleges that they were responsible for either creating or enforcing the regulations at issue or that they knew or should have known that his rights had been violated. *See* Doc. No. 5-1 at 9-11. He provides no facts showing how each defendant was personally involved in applying or enforcing the procedures and practices he alleges burden his ability to practice his religion, and he does not specifically allege that he brought these issues to the attention of any particular defendant. In his response, Carter argues that he should not be limited to the facts alleged in his amended complaint because the Court directed him to amend his complaint and include a short statement of facts supporting his claims. Doc. No. 43 at 9. However, Carter's original complaint provides no more specifics, just a long recitation of what the defendants allegedly knew or should have known and the allegation that some of the defendants were responsible for enacting the regulation regarding religious publications. Doc. No. 2 at 21-50. To state an individual capacity claim against these defendants, Carter must provide more specific facts regarding each defendants' involvement.

## V.  Opportunity to Cure Deficienicies

Because both Carter's original and amended complaint were drafted by another inmate on behalf of multiple inmates, the Court would like more information from Carter describing *his* religious beliefs, how *his* religious practice has been substantially burdened, and by what specific regulations or practices.  And as explained above, more information is needed regarding the alleged involvement of each named defendant.  The Court will allow Carter another opportunity to amend his complaint before it makes a recommendation on a motion to dismiss.  If Carter elects to file a Second Amended Complaint, he must do so by **July 1, 2026**.  If he needs assistance writing or typing his complaint, he should request that from the law library at the prison.  Carter should include all relevant facts in his Second Amended Complaint, including the specific involvement of each named defendant.  If Carter does not timely file a Second Amended Complaint, the Court will consider only the factual allegations present in his Amended Complaint (Doc. No. 5-1) when it analyzes the Defendants' pending Motion to Dismiss (Doc. No. 21).  If Carter timely files a Second Amended Complaint, the Defendants shall have 21 days to file a new motion to dismiss or otherwise respond to the Second Amended Complaint.[6]

---

[6] If Carter timely files a Second Amended Complaint, the undersigned will recommend Defendants' pending motion to dismiss be denied as moot.  *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).

The Clerk of Court is directed to send a blank § 1983 complaint form to Carter. Carter is cautioned that a Second Amended Complaint renders his existing complaints without legal effect; only his factual allegations and claims set out in the Second Amended Complaint will be allowed to proceed.

IT IS SO ORDERED this 29th day of May, 2026.

_____
UNITED STATES MAGISTRATE JUDGE